IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 18, 2017

**BRYIANT C. OVERTON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Rutherford County**
**No. F-67466     David M. Bragg, Judge**

_____

**No. M2016-00783-CCA-R3-PC**

_____

The Petitioner, Bryiant C. Overton, appeals from the Rutherford County Circuit Court's denial of his petition for post-conviction relief from his convictions for aggravated kidnapping, aggravated robbery, attempted first degree murder, and conspiracy to commit kidnapping, for which he is serving an effective forty-eight-year sentence. On appeal, he contends that the post-conviction court erred in denying relief on his ineffective assistance of counsel claims relative to trial counsel's performance, that he received the ineffective assistance of post-conviction counsel, and that he was subject to inappropriate questions at the post-conviction hearing about the facts of the conviction offenses. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Bryiant C. Overton (on appeal), Only, Tennessee, Pro Se; and Ryan Freeze (at hearing), Murfreesboro, Tennessee, for the appellant, Bryiant C. Overton.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Jennings Hutson Jones, District Attorney General; and J. Paul Newman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner's convictions relate to an incident in which Darice Brown's cell phone and handbag were taken from her and she was shot multiple times and left in a remote area. The incident was related to a drug transaction arranged by the victim, in which the Defendant and his codefendants thought they had received counterfeit cocaine from the drug dealer, who was a person known to the victim. *See State v. Bryant C.*

*Overton*, No. M2009-01977-CCA-R3-CD, 2011 WL 538857, at *1-2 (Tenn. Crim. App. Feb. 15, 2011).[1]

Pursuant to this court's decision in the appeal of the Petitioner's convictions, the Petitioner was resentenced on one count. He also filed a pro se petition for post-conviction relief. Post-conviction counsel was appointed, and an amended petition was filed. The petition and amended petition raised numerous allegations of ineffective assistance of trial counsel. As relevant to this appeal, the Petitioner alleged that counsel failed to obtain the preliminary hearing transcript, that counsel failed to use the transcript and a prior statement to impeach the victim, and that counsel failed to request proper jury instructions relative to aggravated kidnapping.[2]

At the post-conviction hearing, the Petitioner testified that, at his request, trial counsel filed a motion to obtain the preliminary hearing transcript, that the court granted the motion, and that counsel later withdrew the motion without the Petitioner's consent. The Petitioner said he wanted the transcript for counsel's use in cross-examining the victim but that this did not occur. When asked repeatedly if the Petitioner knew that portions of the preliminary hearing audio recording were inaudible, his responses did not address the question asked. He denied that he had wanted a new preliminary hearing and stated that someone other than his attorney had requested a new hearing. He agreed that his attorney had "dismissed or had the Judge take that off the docket that there was no legal basis for a second preliminary hearing." The Petitioner maintained, however, that counsel had withdrawn a request for a transcript of the preliminary hearing.

The Petitioner testified that the victim's trial testimony had been inconsistent with her preliminary hearing testimony in several respects. He said the victim testified at the preliminary hearing that the drug transaction involved about $400 but that she did not remember the quantity of the drugs, whereas at the trial, she stated that the transaction was for one-half ounce of cocaine for $400. The Petitioner stated that the victim testified at the preliminary hearing that when "we" left Walmart, "we went straight" to the location of the drug transaction, whereas at the trial, she stated that "we" drove around

---

[1] The Defendant's first name is spelled "Bryant" in the opinion from his previous appeal. He has spelled his first name "Bryiant" in his pro se post-conviction petition. Except when citing to the opinion from the previous appeal, we employ the spelling used in the pro se petition.

[2] On appeal, he also contends that he received the ineffective assistance of counsel relative to trial counsel's communication of plea offers, an issue he did not raise in the petition or the amended petition. He claims, as well, that post-conviction counsel provided ineffective assistance and that the post-conviction court violated Tennessee Supreme Court Rule 28 in permitting the State to cross-examine the Petitioner about the facts of the conviction offenses at the hearing.

for an extended period of time. The Petitioner explained that this point was relevant to the kidnapping charge because the victim stated she had been held against her will in the car and that the Petitioner had a gun. The Petitioner stated that the victim claimed during the trial not to know "where B.I.[3] lived," not to know B.I., and not to be familiar with Murfreesboro, but that she testified at the preliminary hearing to knowing and to having been to the exact location of B.I.'s home in Murfreesboro. The Petitioner stated that although the victim testified at the preliminary hearing that she did not remember hearing the words, "[L]et the bitch out or make her walk," she testified at the trial that Kesha Adams made this statement. The Petitioner stated that at the preliminary hearing, the victim positively identified him as the shooter but that at the trial, she testified that it was so dark she could not see her hand and that although she did not see who shot her, she knew it was the Petitioner.

The Petitioner testified that the victim's recorded pretrial statement to the police contained inconsistencies with her preliminary hearing testimony, as well. The Petitioner stated that the victim testified at the preliminary hearing that either he or codefendant Robert Adams had said, "[S]omeone is going to die tonight," and that the victim initially claimed not to know who said it but later identified the Petitioner as the speaker. The Petitioner said, however, that in the victim's pretrial statement, she had identified Mr. Adams as the speaker. The Petitioner stated that the victim said in her pretrial statement that the gun was not passed to him and that the cell phone was not taken from the victim until the car reached the scene of the shooting. He said that the victim testified at the trial, however, that the Petitioner had the gun and gave orders as they drove around before reaching the scene.

When asked if his attorney advised the Petitioner that the law was "against" him relative to a jury instruction regarding the kidnapping charge, the Petitioner did not answer whether trial counsel advised him in this regard. Instead, the Petitioner made a non-responsive statement about *State v. Cecil*, 409 S.W.3d 599 (2013), applying to cases in the appellate process at the time of the *Cecil* ruling.

Trial counsel testified that he attempted to obtain the preliminary hearing transcript. He said the trial court granted a motion to have the hearing transcribed but that the tapes were "untranscribable." He later agreed that the recording had been inaudible. He said that counsel for a codefendant filed a motion to have the case remanded to general sessions court for a new preliminary hearing and that the motion was denied. Counsel said that although the Petitioner wanted him to file an identical motion,

---

[3] According to this court's opinion in the Petitioner's previous appeal, the victim arranged to purchase drugs from B.I. on behalf of the Defendant and his associates. *State v. Bryant C. Overton*, 2011 WL 538857, at *1.

- 3 -

he declined to do so based upon the court's rejection of the codefendant's motion. Counsel said he would have "loved" to have had the transcript. He said, however, that he did not think the transcript would have been beneficial because he made detailed notes at the preliminary hearing. He noted that the victim testified both at the preliminary hearing and at the trial that she saw the Petitioner shoot her seven times. A transcript of a pretrial motions hearing was received as an exhibit. It reflects the history of the efforts to obtain the preliminary hearing transcript. The trial court noted that efforts had been made to transcribe the recording but that the court reporter had been unable to hear it. The prosecutor clarified that although the officers could be heard on the recording, some of the victim's statements were inaudible. Trial counsel agreed with the prosecutor's characterization of the recording.

Trial counsel testified that his practice was to review proposed jury instructions with a client, and although he thought he reviewed them with the Petitioner, he was unsure. Counsel thought that the State provided jury instructions for him to review and that he had not seen any issues with them.

Trial counsel testified that he felt prepared for the trial and that he and the Petitioner discussed the Petitioner's version of events. Counsel said he and the Petitioner discussed the fact that the three codefendants identified the Petitioner as the shooter. Counsel said that he and the Petitioner discussed the Petitioner's right to testify and that the Petitioner waived the right. Counsel said that he and the Petitioner had a communication breakdown at one point. He could not recall whether he filed a motion to withdraw or whether the Petitioner filed a motion to have him removed as counsel, but he said the trial court denied the motion. Counsel later said they "both made the similar request." Counsel said that the Petitioner had been unable to articulate any deficiency in counsel's representation when the court held a hearing on the motion. Counsel said the Petitioner declined the settlement offers that counsel conveyed. Counsel said that he wrote out for the Petitioner the terms of a twenty-year plea offer received on the first day of the trial, that the Petitioner rejected the offer, and that the Petitioner did not want to sign anything regarding his rejection.

Trial counsel testified that the facts developed at the trial were in keeping with his expectations and that his strategy was to attempt to lessen the Petitioner's responsibility and to shift the blame to others. Counsel thought, based upon the verdict, he had been successful. Counsel was uncertain whether he discussed the appellate issues with the Petitioner before filing the brief. Counsel said he raised only those issues in the motion for a new trial and the appeal which he thought were significant.

After receiving the proof, the post-conviction court denied relief by written order. This appeal followed.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2012). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

## I

## Ineffective Assistance of Counsel

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . , are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

## A.    Issues Related to Impeachment of the Victim

The Petitioner raises several issues related to ineffective assistance of counsel in the impeachment of the victim. He contends that the post-conviction court erred in denying relief on his claim that trial counsel provided ineffective assistance by failing to obtain the preliminary hearing transcript for use in impeaching the victim with her prior testimony.[4] He also contends that the court erred in denying relief on his claim that counsel failed to provide effective assistance in cross-examining the victim with her prior statement to police investigators. For the first time on appeal, he contends that counsel provided ineffective assistance in failing to obtain the assistance of an audio enhancement specialist in order to recover the information on the recording of the preliminary hearing. The State contends that the post-conviction court did not err in determining that the Petitioner failed to prove his claims related to the preliminary hearing transcript and impeachment of the victim and that the issue related to an audio enhancement specialist is waived. We agree with the State.

Trial counsel testified at the post-conviction hearing that the trial court granted his motion to obtain the preliminary hearing transcript but that the recording was not amenable to transcription because it was inaudible. He stated that counsel for a codefendant made a motion for the case to be remanded to general sessions court for a new preliminary hearing but that the trial court denied the motion. Trial counsel declined to make an identical motion on the Petitioner's behalf because he thought it would be futile, given the court's ruling on the codefendant's motion. Counsel said that although he would have "loved" to have had the transcript, it was unnecessary because he took detailed notes of the testimony at the preliminary hearing.

The Petitioner's complaints regarding failure to impeach the victim relate primarily to alleged deficiencies in cross-examining her regarding the point at which she felt she was not free to leave the car in which she rode with the Petitioner and his codefendants. He claims that this was relevant to show whether a kidnapping offense existed separate from the other crimes of which he was convicted.

The post-conviction court found that trial counsel requested the preliminary hearing transcript but that no further action was required once the recording could not be transcribed due to poor audio quality. The court found that counsel aggressively cross-

---

[4] The Petitioner has framed the issue as one of failing to impeach the State's witnesses, but his argument focuses on impeachment of the victim.

examined the victim at the trial using counsel's notes from the preliminary hearing. The post-conviction court found that the discovery material was available to the Petitioner and his counsel and that the Petitioner could have alerted his counsel to genuine conflicts. The court also found that the victim identified the Petitioner as having held her against her will in the vehicle and as the person who shot her. The court found that counsel's examination of witnesses and his objections at the trial showed his preparation and purpose. The court found that the Petitioner failed to present clear and convincing evidence that counsel's performance was deficient and that the Petitioner was prejudiced. Thus, the court concluded that the Petitioner did not receive the ineffective assistance of counsel relative to counsel's efforts to obtain the preliminary hearing transcript and to impeach the victim.

Upon review, we conclude that the evidence does not preponderate against the post-conviction court's factual findings. We conclude, as well, that the court's legal conclusions are supported by the court's factual findings.

The Petitioner also argues, for the first time on appeal, that trial counsel provided ineffective assistance by failing to have the preliminary hearing recording recovered by an audio enhancement specialist. He acknowledges in his reply brief that he did not raise this issue in the post-conviction court and states that he has raised it in this court "solely for the purpose of exhausting it for review when the petitioner reaches federal review, if that becomes necessary." The Petitioner submitted a compact disc with his brief. He claims that the disc contains the recording of the preliminary hearing and that it can be understood, albeit with difficulty. The record reflects that the recording was not received as an exhibit at the post-conviction hearing. The evidence at the hearing established that the recording was inaudible and not amenable to transcription. To the extent that the Petitioner contends otherwise and that counsel should have sought the assistance of an audio enhancement specialist in order to obtain a transcript, the Petitioner should have presented evidence to support his claim at the hearing. Consideration of an issue which is raised for the first time on appeal is waived. *See, e.g.*, *State v. Turner*, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995); *see* T.C.A. § 16-5-108(a) (2009) (stating that the jurisdiction of the Court of Criminal Appeals is appellate in nature); T.R.A.P. 36(a) (stating that the appellate courts may not grant relief in contravention of the trier of fact).

The Petitioner is not entitled to relief on his ineffective assistance of counsel claims related to obtaining the preliminary hearing transcript and impeaching the victim with her prior statement and testimony.

- 7 -

**B.    Failure to Request Jury Instructions**

The Petitioner contends that the post-conviction court erred in denying relief based upon his claim that trial counsel provided ineffective assistance by failing to request appropriate instructions for the aggravated kidnapping offense. In the amended petition, the Petitioner alleged that trial counsel provided ineffective assistance by failing to request jury instructions that comported with *State v. White*, 362 S.W.3d 559 (2012), and *State v. Cecil*, 409 S.W.3d 599 (2013). In *White*, our supreme court delineated a new test for determining whether dual convictions for a kidnapping-related offense and another felony offense are permissible pursuant to due process principles. The court determined that a separate due process inquiry was unnecessary and concluded that a proper jury instruction in conjunction with an appellate review of sufficiency of the evidence satisfied due process principles. *White*, 362 S.W.3d at 577-78; *see Cecil*, 409 S.W.3d at 609 ("Only when the jury is properly instructed can appellate review of the sufficiency of the convicting evidence satisfy the due process safeguard."). The *White* instruction requires a trial court to provide a jury instruction "defin[ing] the key element [of the kidnapping-related offense] — the substantial interference with the victim's liberty — as requiring a finding by the jury that the victim's removal or confinement was not essentially incidental to the accompanying felony offense." *White*, 362 S.W.3d at 580.

Notwithstanding his reliance in the post-conviction court on *White* and *Cecil*, the Petitioner argues on appeal that trial counsel provided ineffective assistance by failing to request jury instructions relative to the aggravated kidnapping offense that comported with *State v. Anthony*, 817 S.W.2d 299 (Tenn. 1991). *Anthony* provided the mechanism for analyzing dual convictions of kidnapping and an accompanying felony before the *White* decision, which overruled *Anthony*. *See White*, 362 S.W.3d at 578 (overruling *Anthony*). In his brief, the Petitioner does not articulate how the instruction given failed to apprise the jury of the applicable law. Rather, he argues that the facts failed to show that a kidnapping occurred.

The Petitioner's conviction proceedings concluded when this court released its opinion in his previous appeal on February 15, 2011. No application for permission to appeal was filed. Our supreme court rendered its *White* decision in 2012, and its *Cecil* decision followed in 2013.

In its order denying post-conviction relief, the post-conviction court found that the Petitioner's conviction proceedings predated the *White* decision, which was not applicable retroactively. *See White*, 362 S.W.3d at 578. The post-conviction court found, as well, that the Petitioner failed to offer proof of prejudice from counsel's alleged shortcoming in failing to request the instruction. Thus, the court concluded that the Petitioner failed to prove that counsel provided ineffective assistance in this regard.

To the extent that the Petitioner now argues that counsel was ineffective for failing to request an instruction that comported with *Anthony*, this issue is waived because it was not raised in the petition or the amended petition. *See Turner*, 919 S.W.2d at 356-57. With regard to the issue as stated in his amended petition relative to the failure to request an instruction which comported with *White* and *Cecil*, we conclude that the evidence does not preponderate against the post-conviction court's factual findings. We likewise conclude that the court's factual findings support its legal conclusions. To the extent that the Petitioner argues the evidence was insufficient to support his aggravated kidnapping conviction, this issue was previously determined in the appeal of his conviction. *See Bryant C. Overton*, 2011 WL 538857, at *5-7.

The Petitioner has not demonstrated error, and he is not entitled to relief on this basis.

## C. Communication of Plea Offers

The Petitioner contends that the post-conviction court erred in denying relief on his claim that trial counsel was ineffective in his communications relative to the State's plea offers, the likelihood of conviction, and the potential sentence. The State contends that this issue is waived because it has been raised for the first time on appeal. We agree with the State. This issue does not appear in the pro se or amended petitions. Consideration of it, at this juncture, is waived. *See Turner*, 919 S.W.2d at 356-57.

## D. Performance of Post-Conviction Counsel

The Petitioner contends that he received the ineffective assistance of post-conviction counsel in several respects. Although a post-conviction petitioner enjoys a statutory right to counsel, he does not have a constitutional right to the effective assistance of counsel as outlined by *Strickland v. Washington*. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Frazier v. State*, 303 S.W.3d 674, 680 (Tenn. 2010); *see also* T.C.A. § 40-30-17(b)(1) (2012) (right to counsel). The Petitioner claims that recent federal decisions alter this traditional rule. He relies on *Trevino v. Thaler*, --- U.S. ---, 133 S. Ct. 1911 (2013); *Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309 (2012); and *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014). Previously, this court has rejected this argument, and the Petitioner has not presented any reason which compels us to depart from the logic of those decisions. *See David Edward Niles v. State*, No. M2014-00147-CCA-R3-PC, 2015 WL 3453946, at *6-7 (Tenn. Crim. App. June 1, 2015), *perm. app. denied* (Tenn. Sept. 17, 2015); *see also Demarcus Keyon Cole v. State*, No. W2015-01901-CCA-R3-PC, 2016 WL 2859196, at *11 (Tenn. Crim. App. May 11, 2016) (citing *David Edward Niles*), *perm. app. denied* (Tenn. Sept. 26, 2016). A post-conviction

petitioner is afforded, via due process, "the opportunity to be heard at a meaningful time and in a meaningful manner." *House v. State*, 911 S.W.2d 705, 711 (Tenn. 1995). In order to have a full and fair hearing, the petitioner is merely entitled to an "opportunity to present proof and argument on the petition for post-conviction relief." *Id.* at 714. The record reflects that the Petitioner was afforded a hearing, at which he testified and presented argument. The post-conviction court considered the issues and denied relief in a written order that addressed the Petitioner's allegations. The Petitioner is not entitled to relief on this basis.

## II

### Questioning About the Facts of the Conviction Offenses

The Petitioner contends that the post-conviction court erred in permitting the prosecutor to question the Petitioner about the facts of the conviction offenses. He argues that the questioning was contrary to Tennessee Supreme Court Rule 28, section 8, which provides, in pertinent part, "Under no circumstances shall petitioner be required to testify regarding the facts of the conviction which the petition attacks unless necessary to establish the allegations of the petition or necessary to the state's attempt to rebut the allegations of the petition." Tenn. R. Sup. Ct. 28, § 8(C)(1)(d). The Petitioner raised this issue for the first time in his reply brief.[5] Because he did not raise it in his initial brief, the State has not had an opportunity to respond. *See* T.R.A.P. 27(a)-(c) (prescribing the contents of the parties' briefs). Consideration of an issue raised for the first time in a reply brief is waived. *Hughes v. Tennessee Bd. of Prob. & Parole*, 514 S.W.3d 707, 724 (Tenn. 2017). The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE

---

[5] In his initial brief, the Petitioner alleged, as part of his claim of ineffective assistance of post-conviction counsel, that counsel "did not function as counsel envisioned under Tn. R. Sup. Ct. 28." The issue he raised in his reply brief, however, is one of error of the post-conviction court in permitting the State to cross-examine him about the facts of the offenses.